Honorable Julia Hughes Jones Auditor of State 230 State Capitol Little Rock, Arkansas 72201
Dear Ms. Jones:
You have requested the opinion of this Office on several questions regarding unclaimed property. Your questions will be taken in turn as they appeared in your request.
First, you asked whether the Auditor of State is liable for any of the following costs regarding the contents of safety deposit boxes which are turned over to the State as unclaimed property pursuant to Act 780 of 1985:
a. drilling cost
b. back rental
c. delivery charges of safe deposit items to Auditor of State
d. appraisal of items
e. insurance on shipping of items
Act 780 does not speak directly to these issues of cost. However, the Auditor of State apparently would not be liable for drilling costs, back rental, delivery charges, or insurance on the shipping of items found in safe deposit boxes to the Auditor of State. Drilling costs and back rental would be subject to contract provisions between the bank and its customer with regards to the rental of the safe deposit box. Delivery charges and insurance, if required, would appear to be part of the costs that all holders of property subject to Act 780 must bear pursuant to the Act.
Appraisal of items from safe deposit boxes turned over the to [to the] State pursuant to Act 780, however, appear to be the responsibility of the Auditor. Such appraisals are not mandated by the Act, and would be performed only if necessary to determine the value of the items for sale as required by the Act. Such appraisals would, then, be the responsibility of the Auditor of State.
In your second question, you ask:
 What method should the Auditor of State or bank use to dispose of invaluable safety deposit box items?
 Also, what method should be used to determine what is valuable or invaluable, and by whom should the determination be made?
Section 8 of Act 780 provides that all abandoned property other than money be sold by bid. Section 8 (codified as Ark. Stat. Ann. 50-635) also states, though, that the Auditor "need not offer any property for sale, if, in his opinion the probably cost of sale exceeds the value of the property." Of course, the cost of sale would exceed the value of valueless property. It is within the discretion, then, of the Auditor to determine whether a particular item contained in a safe deposit box is valueless and, thus, not offer it for sale.
The Act is silent, though, with regards to the disposition of such valueless property. It certainly cannot be said that the legislative intent in enacting Act 780 was that the Auditor should be the repository of valueless property contained in safe deposit boxes. Therefore, the Auditor may destroy or otherwise dispose of valueless items found in safe deposit boxes.
Your third question asks:
 When is an appraisal to be done on safety deposit box items, at the time of remittance, or before the sale of safety deposit box items, or both?
Again, Ark. Stat. Ann. 50-635 provides for the sale of items from safe deposit boxes which are turned over to the State pursuant to the Act. The most appropriate time for an appraisal, then, would be just before the property is sold, since that is the time that it is most important for you to have idea of the value of such items.
Your last question asks:
 Should the cost for the sale of safety deposit items be paid for from the proceeds of the sale, therefore, charged back to original owners, or be an expense of Unclaimed Property?
Again, Act 780 is silent on this issue. However, the language in section 8 which states that the Auditor "need not offer any property for sale if, in his opinion, the probably [probable] cost of sale exceeds the value of the property," seems to imply that the cost of the sales are [is] to be borne by the State.
This opinion which I hereby approve, was prepared by Assistant Attorney General Tim Humphries.